UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOSHUA NUBY                                                                                           PETITIONER

V.                                                          CIVIL ACTION NO. 3:23-CV-527-DPJ-ASH

SHERIFF JOEDY PENNINGTON                                                          RESPONDENT

ORDER

This habeas petition brought by Joshua Nuby under 28 U.S.C. § 2241 is before the Court on the Report and Recommendation [16] of United States Magistrate Judge Andrew S. Harris. For the reasons below, the Court adopts the R&R.

I.      Relevant Facts and Proceedings

Nuby was jailed by the Newton County Sheriff's Department on May 9, 2023, on a charge of shooting into a dwelling or house. Booking Sheet [14-2]. His initial appearance came two days later, Cert. [14-3], and on August 24, 2023, he waived a preliminary hearing, Waiver [14-5].

Meanwhile, on August 11, 2023, Nuby filed this pro se habeas petition [1]. His amended petition [3] states four grounds for relief: due process, false imprisonment, denial of legal counsel, and inhumane treatment. Because the inhumane-treatment claim challenged the conditions of Nuby's confinement, the Court ordered [6] that claim severed into a separate 42 U.S.C. § 1983 action.[1] Defendant, the Newton County Sheriff, moved [14] to dismiss the habeas petition. Nuby's response [15], which is his last filing in this Court, indicates he remains confined.

---

[1] Opened under No. 3:23-CV-602-CWR-ASH, that civil action was dismissed on April 9, 2024, for failure to prosecute and to obey the Court's orders.

The Magistrate Judge issued his R&R [16] on December 16, 2024, and it was sent to Nuby on that date, giving him 14 days to object. No objection has been filed, and the time to do so has passed.

II.     Standard

On review of a magistrate judge's R&R under 28 U.S.C. § 636(b)(1), the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Accord* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.* advisory committee's note.

III.    Conclusion

Having reviewed the briefs and record, the Court finds no clear error in the Magistrate Judge's well-reasoned recommendation [16], which the Court adopts in full. The motion to dismiss [14] is granted in part and denied in part, as follows:

(1)     Nuby's denial-of-counsel claim is ordered to be severed into a civil action under 42 U.S.C. § 1983;

(2) The Clerk of Court is hereby directed to make a copy of the Amended Petition [3] and assign it a new civil-action number, file it as of today's date, and open it as a newly filed Complaint under 42 U.S.C. § 1983;

(3) The Clerk of Court is directed to place a copy of Petitioner's Motion [5] to Proceed In Forma Pauperis and this Order in the newly-created § 1983 civil action;

(4) The Clerk of Court will notify Petitioner of the assignment of his new civil action filed under 42 U.S.C. § 1983;

(5) Nuby's excessive-bail and speedy-trial claims are dismissed without prejudice for failure to exhaust; and

(6) All other claims are dismissed with prejudice.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 17th day of January, 2025.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE
